**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 7 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

DEANE HOUSTON,

      Defendant-Appellant.

No. 99-4216
(D.C. No. 99-CR-277-W)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **SEYMOUR**, Chief Judge, **EBEL** and **BRISCOE**, Circuit Judges.

---

Defendant-Appellant Deane Houston ("Houston") was charged by

indictment with one count of possession of a firearm by a restricted person in

violation of 18 U.S.C. § 922(g) and one count of possession of a stolen firearm in

violation of 18 U.S.C. § 922 (j). Houston pled guilty to the charge of possession

of a firearm by a restricted person, and the second count was dismissed. Houston

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

was sentenced to 57-months imprisonment, based on an adjusted offense level of 19.

The indictment and conviction in this case arose from the following circumstances. Houston was involved in a traffic accident on May 24, 1999. Salt Lake City police requested Houston's driver's license. Houston stated that she did not have one in her possession but that her name was Dawn Cage. The police ran a records check and found an outstanding arrest warrant for Dawn Cage. The police arrested Houston (a.k.a Dawn Cage), and subsequently searched her person. The police found a single .45caliber handgun bullet in her pocket. She then told the police that she had a gun in her car. The police recovered a .45-caliber handgun from under the seat of Houston's car, with one round in it. Police ran a records check on the gun and determined that it had been stolen from a Salt Lake City pawn shop a few weeks earlier. Houston admitted to police that she knew that the gun was stolen and that she had two prior convictions for drug trafficking in the state of Ohio. Houston also stated that she was being paid $200 to act as a courier-delivering the gun from one party to another.

On appeal, Houston only alleges one claim of error. She argues that the district court erred in refusing to grant a reduction in her base offense level pursuant to U.S.S.G. § 3B1.2. Section 3B1.2 allows a four-point reduction where

the defendant was a minimal participant in the offense, and a two-point reduction where the defendant was a minor participant in the offense.

Houston objected to the PSR on the ground that it failed to recommend such a reduction. The district court rejected Houston's argument during the sentencing hearing. Although the district court believed that Houston had been asked to deliver the gun by someone else, the court explained that possession of a firearm by a restricted person is a "status crime" and that the "point of the law . . . is to keep someone who has been convicted of a felony from possessing a gun for any reason." (See Aplt. App. Vol. II, at 5.)

We review a trial court's determination that someone is not a minimal participant as a finding of fact that is reviewed for clear error. See United States v. Onheiber, 173 F.3d 1254, 1258 (10th Cir. 1999). In this case, however, the district court concluded as a matter of law that Houston could not have been a minor or minimal participant. We therefore review this interpretation of the sentencing guidelines de novo. See United States v. Lacey, 86 F.3d 956, 962 (10th Cir.1996). We agree with the district court that Houston is not entitled to a downward departure pursuant to § 3B1.2, although based on slightly different reasoning.

Houston points to a number of the application notes to § 3B1.2 in support of her contention that she was merely a minor or minimal participant because she

was acting as a courier. Houston particularly emphasizes application note (2), which provides that a downward departure might be appropriate where the defendant "was recruited as a courier for a single smuggling transaction involving a small amount of drugs."

We acknowledge that the application notes direct the sentencing court to consider the role that the defendant has played in the concerted activity. This aspect of the application notes is inapposite in this case, however. In assessing whether a defendant was a minor participant in the offense for which he or she has been convicted, our inquiry necessarily must focus on the nature of that offense. Although it may be true that working as a courier by delivering a stolen handgun from one party to another involves concerted activity, and that Houston's role in the overall transaction was fairly limited, these facts have no bearing on whether Houston could be considered to have played a minimal or minor role in the offense to which Houston pled guilt: possession of a firearm by a restricted person. Houston can be considered nothing other than the primary actor for that offense because she, as a felon, is the restricted person to which the statute is directed.

We AFFIRM the sentence imposed by the district court.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge